**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

BURNIS HEARD, an individual,

        PLAINTIFF,

v.

SYNERGY CREDIT SERVICES LLC, a Colorado limited liability company, MICHAEL KASICK, an individual, and JENNIFER KASICK, an individual,

        DEFENDANTS.

**VERIFIED COMPLAINT**

COMES NOW the Plaintiff, BURNIS HEARD, by and through his undersigned counsel at the law offices of Bryan E. Kuhn, Counselor at Law, P.C., and for his Verified Complaint again Defendant SYNERGY CREDIT SERVICES, LLC, MICHAEL KASICK and JENNIFER KASICK (collectively "Defendant" or Defendants"), and in support thereof does hereby state and allege as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. 201, et. seq. ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Plaintiff also brings this action under the Colorado Wage Act, C.R.S. 8-4-101, et seq. ("CWA" and Colorado Minimum Wage Order No. 34, 7 C.C.R. 1103-1 ("CMWO").

3. On information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## JURISDICTIONAL ALLEGATIONS

4. Plaintiff resides in Denver County, Colorado.

5. Defendant SYNERGY CREDIT SERVICES LLC is a resident of Colorado and is located in Arapahoe County.

6. Defendant MICHAEL KASICK is a resident of Colorado and is located in Weld County.

7. Defendant JENNIFER KASICK is a resident of Colorado and is located in Weld County.

8. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331, because the instant action arises under federal law, specifically the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

9. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. In addition, this Court has jurisdiction over the Defendants as the complained of unlawful employment practices took place in Colorado and the Defendants reside in and maintain substantial, ongoing business operations in this state.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the employment

practices and other conduct alleged to be unlawful were committed in the District of Colorado.

## PARTIES

12. Plaintiff, BURNIS HEARD (hereinafter "Plaintiff"), is a citizen of Colorado, who presently resides at 9510 E. Florida Ave. Unit 1052, Denver, CO 80247.

13. Defendant, SYNERGY CREDIT SERVICES LLC, (hereinafter "Synergy" or collectively "Defendants") is a Colorado company, with its principal place of business located at 2851 S. Parker Rd. Suite 520, Aurora, CO 80014.

14. MICHAEL KASICK (hereinafter "Defendant M. Kasick" or collectively "Defendants") is an individual who resides in Colorado.

15. JENNIFER KASICK (hereinafter "Defendant J. Kasick" or collectively "Defendants") is an individual who resides in Colorado.

## FACTUAL ALLEGATIONS

16. Synergy is a Colorado limited liability company that provides credit repair services.

17. On information and belief, Defendant M. Kasick is an equity owner and officer of Synergy.

18. On information and belief, Defendant J. Kasick is an equity owner and officer of Synergy.

19. Plaintiff began working for Synergy as an inside salesperson on June 4, 2018.

20. Plaintiff was told verbally over the phone that he was hired by Synergy, what his starting salary would be, what commissions he would be eligible for, and what his job duties would be.

21. Plaintiff worked in Synergy's Aurora, CO office as well as from Plaintiff's home in Denver, CO.  Plaintiff was not required to leave the office to make sales calls.

22. As a result of working from home, Plaintiff accrued many hours in excess of 40 hours per week.

23. On April 30, 2019, Plaintiff emailed Jennifer Kasick, asking when his over-time hours would be paid, whether he was exempt from being paid over-time, and whether he should cut his working hours down to 40 hours each week.

24. Plaintiff never received a response from Jennifer Kasick or any other owner, officer or employee of Synergy.

25. After sending the April 30, 2019 email, Plaintiff was pulled aside by Michael Kasick and told that Plaintiff was a salaried employee who had to work as many hours as Defendant needed, and that Plaintiff would not receive over-time pay for hours worked over 40 hours each week.

26. Plaintiff worked well over 40 hours each week before and after he inquired about his exempt status.

27. Plaintiff was terminated on December 12, 2019.

28. Defendant's stated reason for Plaintiff's termination was that Plaintiff's manager, Mike Schreibel, did not believe that Plaintiff could "move up fast enough" with Defendant due to Plaintiff residing in a half-way house at the time.

**FIRST CLAIM FOR RELIEF**
(*Violation of the FLSA*)

1. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

29. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

30. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

31. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including bonuses paid to Plaintiff in his regular rate when calculating his overtime pay.

32. Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate for all hours worked in excess of forty hours per week.

33. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

34. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

**SECOND CLAIM FOR RELIEF**
(*Violations of CWA, C.R.S. § 8-4-101, et seq., and CMWO, C.C.R. § 1103-1*)

35. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiff regularly worked more than forty (40) hours per workweek.

37. Defendants failed to properly pay Plaintiff overtime wages at a rate of not less than one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

38. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

39. Because Defendants willfully violated the CWA and CMWO, a three (3) year statute of limitations shall apply to such violations.

40. As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

### THIRD CLAIM FOR RELIEF
*(Breach of Contract)*

41. Plaintiff incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

42. Plaintiff worked for Defendant pursuant to a verbal contract which contemplated starting salary and commission opportunities.

43. The contract is clear, unequivocal, and unambiguous on its face, and, thus must be enforced as communicated.

44. Plaintiff successfully performed his part of the contract with Defendant and was never informed of his exempt/non-exempt status regarding over-time pay.

45. Defendant's intentional conduct by failing to pay Plaintiff's earned monies breached the contract.

46. As a direct, proximate, and foreseeable result of Defendant's breach, Plaintiff has suffered damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
*(Promissory Estoppel)*

47. Plaintiff incorporates by reference paragraphs 1 through 32 above as if fully set forth herein.

48. Defendant made various promises to Plaintiff as described above, including but not limited to, the promise to pay Plaintiff over-time.

49. Defendant should reasonably have expected that the promises made would induce action by Plaintiff.

50. To his detriment, Plaintiff relied upon the promises made by Defendant.

51. Defendant's promises to Plaintiff must be enforced to prevent injustice.

52. As a direct, proximate, and foreseeable result of Defendants' words and/or conduct, the Plaintiff has suffered damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
*(Unjust Enrichment)*

53. Plaintiff incorporates by reference paragraphs 1 through 38 above as if fully set forth herein.

54. Plaintiff furnished labor in connection with his work for Defendant, for the benefit of Defendant, for which he has not received full payment.

55. Plaintiff furnished such labor to Defendant with the reasonable expectation of being paid.

56. Defendant received and accepted the benefit of such labor with the understanding and expectation that Defendant would pay Plaintiff for the same.

57. As a result of Defendant's retention of such labor, Defendant has been unjustly enriched at Plaintiff's expense in an amount to be proven at trial.

WHEREFORE, premises considered, Plaintiff Burnis Heard respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

> A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;
>
> B. A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;
>
> D. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, et seq.;
>
> E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;
>
> F. A declaratory judgment that Defendants' practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);
>
> G. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order

Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

H. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

I. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury of all issues so triable in the above-captioned civil action.

Respectfully submitted on this 10th day of July 2020.

BRYAN E. KUHN, COUNSELOR AT LAW, P.C.

*Original pleading bearing original signature maintained in the offices of Bryan E. Kuhn, Counselor at law, P.C.*

/s/ *David H. Savidge*
David H. Savidge, Esq. #38658
Bryan E. Kuhn, Counselor at Law, P.C.
1660 Lincoln Street Suite 2330
Denver, Colorado 80264
Phone Number: (303) 424-4286
Fax Number: (303) 425-4013
David.Savidge@beklegal.com

## VERIFICATION

I declare under penalty of perjury that I have read this above Verified Complaint and the statements contained in it are true and correct to the best of my knowledge and belief.

Date: July 10, 2020

_____
Mr. Burnis Heard

Subscribed and sworn to before me in the county of Arapahoe, State of Colorado, on this 10th day of June 2020.

My commission expires on: 2/22/2023

_____
Notary

**BRANDON M. VIGIL**
Notary Public
State of Colorado
Notary ID: 20194007201
My Commission Expires 2/22/2023